UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| MICAH KRISTIAN NEIL TURNER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 2:24-CV-100-KAC-CRW |
| D. STANTON, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a pro se prisoner incarcerated in the Washington County Detention Center, filed (1) a complaint under 42 U.S.C. §1983 [Doc. 2], (2) a Motion for leave to proceed *in forma pauperis* [Doc. 1] and Supplement [Doc. 8], and (3) two Motions to appoint counsel [Docs. 3, 6]. For the below reasons, the Court **GRANTS** Plaintiff's Motion for leave to proceed *in forma pauperis* [Doc. 1], **DENIES** his Motions to appoint counsel [Docs. 3, 6], and **PERMITS** Plaintiff's claims to **PROCEED**.

**I.     MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's Motion for leave to proceed *in forma pauperis* [Doc. 1] and Supplement [Doc. 8] that he cannot pay the filing fee in one lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** that Motion [Doc. 1].

Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00). The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 220 West Depot Street, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's

inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. *See* 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another institution.

## II. MOTIONS TO APPOINT COUNSEL

Plaintiff asks the Court to appoint counsel for him [Docs. 3, 6]. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." But "[a]ppointment of counsel in a civil case is not a constitutional right;" it is a privilege "justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). A court determines whether "exceptional circumstances" exist based on the type and complexity of the case and the plaintiff's ability to represent himself. *Id*. at 606; *see also Cavin v. Michigan Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d at 606).

Plaintiff argues that the Court should appoint counsel for him because he is indigent, his incarceration allegedly limits his ability to research and investigate, he has limited access to the law library and knowledge of the law, the issues in this case are purportedly complex, and

2

"[c]ounsel will better enable [P]laintiff" [*See* Docs. 3, 6]. But this case is not legally or factually complex. It involves an excessive force claim and a failure-to-protect claim against a single defendant [*See* Doc. 2 at 3-4]. These areas of the law are well developed. And Plaintiff's incarceration and relevant limitations are not exceptional circumstances warranting counsel. Further, Plaintiff's filings demonstrate that he understands the issues involved in this action and is capable of litigating this action. Because Plaintiff has not demonstrated exceptional circumstances, the Court **DENIES** his Motion to appoint counsel [Docs. 3, 6].

### III. SCREENING OF COMPLAINT

#### A. Screening Standard

Under the PLRA, a district court must screen a prisoner complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive initial PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has instructed that a district court should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Plaintiff's Allegations

According to Plaintiff, on or about March 20, 2024, while Plaintiff "was on [his] medication[,]" Defendant D. Stanton, an officer at the Washington County Detention Center, "let inmates who are known racist and gang affiliates out" of their cells to assault Plaintiff "w/ hand and weapon" [Doc. 2 at 3, 4]. Defendant Stanton also punched Plaintiff in the jaw during the assault [*Id*. at 4]. Plaintiff filed this lawsuit for monetary damages against Defendant Stanton, asserting a violation of Plaintiff's "8th Amendment rights" to be "protect[ed] from abuse" and be free from "cruel and unusual punishment" [*Id.* at 4, 5].

### C. Analysis

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Plaintiff asserts that his claims arise under the Eighth Amendment, but it does not appear that he was a convicted prisoner on or about March 20, 2024.[1] Therefore, the Court presumes for screening purposes that Plaintiff was a pretrial detainee on or about March 20, 2024 and that the protections of the Fourteenth Amendment apply to his claims. *See Lawler as next friend of Lawler v. Hardeman Cnty., Tenn*., 93 F.4th 919, 926 (6th Cir. 2024).

#### 1. Failure to Protect

Prison officials have a duty to protect pretrial detainees from violence by other inmates in certain circumstances. Where an officer "recklessly disregarded a risk so obvious that they either knew or should have known of it," the officer can be liable for the harm resulting from that risk.

---

[1] Plaintiff is not listed as a convicted prisoner in the Tennessee Department of Correction's publicly available database. *See* Tenn. Dep't of Corr., *Felony Offender Information*, https://foil.app.tn.gov/foil/search.jsp.

*See id.* at 927.  Here, Plaintiff alleges that Defendant Stanton "let" inmates out of their cells "to assault" Plaintiff [Doc. 2 at 4].  This is sufficient to plausibly infer that Defendant Stanton recklessly disregarding a known risk. *See Lawler*, 93 F.4th at 927.  This claim may **PROCEED**.

### 2. Excessive Force

To succeed in his excessive force claim, Plaintiff must show "that the force purposely or knowingly used against . . . [him] was objectively unreasonable."  *Howell v. NaphCare, Inc.*, 67 F.4th 302, 320 (6th Cir. 2023) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)).  Factors that "bear on the reasonableness or unreasonableness of the force used," *Kingsley*, 576 U.S. at 397, include:

> [T]the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Howell*, 67 F.4th at 320 (quoting *Kingsley*, 576 U.S. at 397).  Here, Plaintiff adds to his allegations that during the jail assault Defendant Stanton permitted to occur, Defendant Stanton punched Plaintiff in the jaw [Doc. 2 at 4].  This is sufficient to plausibly infer that the force Defendant Stanton used was objectively unreasonable.  Therefore, this claim may **PROCEED**.

## IV. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1];

2. The Court **ASSESSED** Plaintiff the civil filing fee of $350.00;

3. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

4. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. The Court **DENIED** Plaintiff's Motions to appoint counsel [Doc. 3, 6];

6. Plaintiff's failure-to-protect and excessive force claims against Defendant D. Stanton may **PROCEED**.

The Court further:

1. **DIRECTS** The Clerk to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Stanton;

2. **ORDERS** Plaintiff to complete the service packet and return it to the Clerk's Office **within twenty-one (21) days of entry of this Order**. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

3. **WARNS** Plaintiff that **if he fails to timely return the completed service packet, this action will be dismissed**;

4. **ORDERS** Defendant to answer or otherwise respond to the Complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the Complaint, it may result in entry of judgment by default against him; and

5. **ORDERS** Plaintiff to immediately inform the Court and Defendant or his counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. **Failure to provide a correct address to this Court within fourteen (14) days of any change in address will result in dismissal of this action.**

**SO ORDERED.**

**ENTER:**

                                            /s/ Katherine A. Crytzer
                                            KATHERINE A. CRYTZER
                                            United States District Judge